USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 07/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FANG XIAO and CHANG HUI LIN,

          Plaintiffs,

v.

GRAND SICHUAN INT'L ST MARKS, INC., EAST VILLAGE GRAND SICHUAN INC., XIAO TU ZHANG, YUAN WEI TSAO, ZHUAI RUN LU, TIAN SHENG WANG, and WEN YAN GAO,

          Defendants.

No. 14-CV-9063 (RA)

MEMORANDUM
OPINION & ORDER

---

MIN FU,

          Plaintiff,

v.

EAST VILLAGE GRAND SICHUAN INC., XIAO TU ZHANG, YUAN WEI TSAO, ZHUAI RUN LU, TIAN SHENG WANG, and WEN YAN GAO,

          Defendants.

No. 15-CV-6361 (RA)

---

RONNIE ABRAMS, United States District Judge:

      Plaintiffs Fang Xiao, Chang Hui Lin, and Min Fu brought these consolidated actions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") to recover allegedly unpaid wages and overtime and to redress alleged retaliation by Defendants. On July 8, 2016, the parties jointly moved, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for judicial approval of settlement agreements reached in both actions.

The agreements address Plaintiffs' claims as well as the fees and costs to be paid to Plaintiffs' attorneys. The Settlement Agreement in the *Xiao* action (the "*Xiao* Agreement") provides for a total payment by Defendants to Xiao, Lin, and their counsel of $180,000. *See* Dkt. 91-1 ("*Xiao* Agmt.") ¶¶ 2–4. Xiao will receive $107,000 of this amount, which accounts for all $59,000 she could receive on her unpaid wage claims and $48,000 of the $53,000 she seeks as damages for her allegedly retaliatory termination. *See id.* ¶ 3; Dkt. 91 at 2. Xiao will thus receive $107,000 of the $112,000 she seeks in this action, or 95.5%. Lin will receive $10,000 of the $44,000 he seeks to recover, or 22.7%. *See Xiao* Agmt. ¶ 2; Dkt. 91 at 2. This "compromise was based on the assessed risk of loss . . . and the promise of immediate payment." Dkt. 91 at 2. Xiao and Lin's counsel will receive the remaining $63,000. *See Xiao* Agmt. ¶ 4. This amount reflects $58.013.94 in attorneys' fees and the remainder in costs. Dkt. 91 at 4. Attorneys' fees thus represent 32.2% of the total recovery in the *Xiao* Agreement.

The Settlement Agreement in the *Fu* action (the "*Fu* Agreement") provides for a total payment by Defendants to Fu of $20,000. *See* Dkt. 91-2 ("*Fu* Agmt.") ¶ 2. The *Fu* Agreement does not indicate how much of the award represent attorneys' fees, but Fu and his counsel "have agreed on an attorney's fee of $6,600," or 33% of the total settlement amount. Dkt. 91 at 3.

Counsel for all Plaintiffs attest that the attorneys' fees sought in the *Xiao* and *Fu* Agreements represent significant discounts from their lodestar calculations. *See id.* at 4–5.

The Court approves both settlement agreements in their entireties.

### DISCUSSION

**I.     Settlement**

"[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. "[T]he parties

must satisfy the Court that their agreement is 'fair and reasonable.'" *Santos v. Yellowstone Props., Inc.*, No. 15-CV-3986 (PAE), 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)). To evaluate whether a proposed settlement meets this threshold, the Court should consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-CV-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The Court should also consider factors that "weigh against" concluding a settlement is fair and reasonable, such as:

> (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic location"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."

*Id.* at 336 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

After considering all the factors articulated above, the Court concludes that both the *Xiao* and *Fu* Agreements encompass fair and reasonable settlements of Plaintiffs' claims. All five factors to be balanced weigh in favor of approving the settlement agreements, and none of the factors that weigh against approval are present. In short, nothing in this case suggests circumstances sufficient to overcome the "strong presumption in favor of finding a settlement fair," especially in light of the fact that it was negotiated by experienced counsel representing all parties. *Id.*

## II. Attorneys' Fees and Costs

In FLSA actions, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NYLL also entitles a prevailing plaintiff to recover reasonable attorneys' fees and costs. *See* NYLL §§ 198(1-a), 663(1).

"The Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Beckert v. Rubinov*, No. 15-CV-1951 (PAE), 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting *Lliguichuzcha*, 948 F. Supp. 2d at 366). "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (quoting *Thornhill v. CVS Pharmacy, Inc.*, No. 13-CV-5507 (JMF), 2014 WL 1100135, at *2 & n.1 (S.D.N.Y. Mar. 20, 2014)). When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *see also Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL

7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District."); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). In determining a reasonable award of attorneys' fees, a court should also consider "traditional criteria" such as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotations omitted).

Applying the "percentage of the fund" approach in this case, and considering all the "traditional criteria," the Court concludes the attorneys' fees sought in the *Xiao* and *Fu* Agreements are reasonable. Xiao and Lin's counsel seeks 32.2% of the total award in the *Xiao* Agreement, and Fu's counsel has agreed to accept 33% of the award in the *Fu* Agreement.[1] Both these fee awards reflect discounts from the attorneys' lodestar calculations. *See* Dkt. 91 at 4–5. In sum, the settlement agreements "do[] not favor plaintiffs' counsel over plaintiffs[] themselves." *Lliguichuzhca*, 948 F. Supp. 2d at 366.

## CONCLUSION

The Court approves the parties' settlement agreements. Plaintiff Xiao shall recover $107,000, Plaintiff Lin shall recover $10,000, and Plaintiff Fu shall recover $13,400. In addition, Xiao and Lin's counsel shall recover $58,013.94 in attorneys' fees and $4,986.06 in costs, and

---

[1] As noted above, Xiao and Lin's counsel also seeks $4,986.06 in costs. *See* Dkt. 91 at 4. The Court approves this amount, as counsel has provided the Court a detailed itemization of the specific costs incurred. *See* Dkt. 91-4.

5

Fu's counsel shall recover $6,600 in fees. These actions are hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close these cases.

SO ORDERED.

Dated: July 29, 2016
New York, New York

_____
Ronnie Abrams
United States District Judge